GREEN & HALL, A Professional Corporation
HOWARD D. HALL, State Bar No. 145024
 hdhall@greenhall.com
MACEY A. CHAN, State Bar No. 258470
 mchan@greenhall.com
1851 East First Street, 10th Floor
Santa Ana, California 92705-4052
Telephone: (714) 918-7000
Facsimile: (714) 918-6996

Attorneys for Defendants NATIONSTAR
MORTGAGE LLC and THE BANK OF NEW
YORK MELLON FKA THE BANK OF NEW
YORK, AS TRUSTEE FOR NATIONSTAR
HOME EQUITY LOAN TRUST 2007-C and
TITLE365 COMPANY erroneously sued as
TITLE365 INSURANCE COMPANY d/b/a
TITLE365

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ALLEN ANDREWS,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONSTAR MORTGAGE, LLC; QUALITY LOAN SERVICE CORP.' THE BANK OF NEW YORK MELLON CORPORATION a/k/a THE BANK OF NEW YORK as Trustee for NATIONSTAR HOME EQUITY LOAN TRUST 2007-C (a/k/a NSTR 2007-C), a/k/a "The Bank of New York as Trustee on behalf of the Owners of the Nationstar Home Equity Loan Trust 2007-C, Nationstar Home Equity Asset-Back Certificates"; TITLE365 INSURANCE COMPANY d/b/a TITLE365; and SAGE POINT LENDER SERVICES, LLC,<br><br>Defendants. | CASE NO. EDCV14-1511 SVW(AJWx)<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT TITLE365 COMPANY TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>*[Filed concurrently with Proposed Order]*<br><br>JUDGE:   Hon. Stephen V. Wilson<br>DATE:    December 29, 2014<br>TIME:    1:30 p.m.<br>CRTRM.:  6<br><br>ACTION FILED: July 9, 2014<br>TRIAL DATE:    None Set |

## TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

**PLEASE TAKE NOTICE** that on December 29, 2014 at 1:30 p.m. or as soon as

thereafter as the matter may be heard in Courtroom 6 of the above-entitled Court, Defendant

TITLE365 COMPANY erroneously sued as TITLE365 INSURANCE COMPANY d/b/a

1 | TITLE365 ("Title365") will bring for hearing before the Honorable Stephen V. Wilson,

2 | United States District Judge, in courtroom 6 of the United States Courthouse located at 312 N.

3 | Spring Street, Los Angeles, CA 90012, a Motion to Dismiss the Second Amended Complaint

4 | filed by Plaintiff MARK ALLEN ANDREWS ("Plaintiff").

5 |     Title365 moves the Court to dismiss Plaintiff's claims pursuant to Fed. R. Civ.

6 | P. 12(b)(6) on the grounds that the Second Amended Complaint fails to state any claim against

7 | Title365 upon which relief may be granted.

8 |     By this Motion, Title365 seeks an Order from the Court granting the following relief:

9 |     1.    Dismissing Title365 from Plaintiff's Second Cause of Action for "Negligent

10 | Misrepresentation" because Plaintiff has failed to state a claim against Title365 upon which

11 | relief may be granted.

12 |     2.    Dismissing Title365 from Plaintiff's Third Cause of Action for "Violation of the

13 | California Homeowner Bill of Rights" because Plaintiff has failed to state a claim against

14 | Title365 upon which relief may be granted.

15 |     3.    Dismissing Title365 from Plaintiff's Fourth Cause of Action for "Declaratory

16 | Relief—To Cancel and Expunge Instruments" because Plaintiff has failed to state a claim

17 | against Title365 upon which relief may be granted.

18 |     4.    Dismissing Title365 from Plaintiff's Fifth Cause of Action for "Violation of the

19 | Unfair Practices Act" because Plaintiff has failed to state a claim against Title365 upon which

20 | relief may be granted.

21 |     5.    Dismissing Title365 from Plaintiff's Sixth Cause of Action for "Violation of the

22 | Racketeer Influenced and Corrupt Organizations Act" because Plaintiff has failed to state a

23 | claim against Title365 upon which relief may be granted.

24 |     This Motion is based on this Notice of Motion, the attached Memorandum of Points

25 | and Authorities, all of the pleadings, files, and records in this proceeding, all other matters of

26 | which the Court may take judicial notice, and any argument or evidence that may be presented

27 | to or considered by the Court prior to its ruling.

28 | ///

NOTICE OF MOTION AND MOTION OF DEFENDANT TITLE365 COMPANY TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
P:\DOCS\Nationstar.Andrews\Pleadings\T365.MTD.SAC..docx

1       This Motion is made following defense counsel's conference of counsel pursuant to

2  L.R. 7-3, which took place on November 14, 2014 and November 18, 2014.

3  DATED: November 25, 2014      GREEN & HALL, A Professional Corporation

4

5       By: _____

6       Howard D. Hall

7       Macey A. Chan

     Attorneys for Defendants NATIONSTAR

8       MORTGAGE LLC and THE BANK OF NEW

     YORK MELLON FKA THE BANK OF NEW

9       YORK, AS TRUSTEE FOR NATIONSTAR

10      HOME EQUITY LOAN TRUST 2007-C and

     TITLE365 COMPANY erroneously sued as

11      TITLE365 INSURANCE COMPANY d/b/a

     TITLE365

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION OF DEFENDANT TITLE365 COMPANY TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
P:\DOCS\Nationstar.Andrews\Pleadings\T365.MTD.SAC..docx

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ................................................................................................ 1

II.  BACKGROUND ................................................................................................ 1

III.  DISCUSSION ................................................................................................... 2

    A.  The Applicable Legal Standard ................................................................ 2

    B.  Dismissal of All Claims Asserted Against Title365 is Warranted Under Rule 12(b)(6) .............................................................................. 3

    C.  Title365's Advancement of Non-judicial Foreclosure Proceedings is Privileged ................................................................................................. 5

    D.  Plaintiff's "Securitization" Argument Fails .............................................. 6

    E.  Plaintiff Cannot State a Claim for Negligent Misrepresentation Against Title365 ....................................................................................... 7

        1.  Plaintiff's claim regarding the Notice of Default and Substitution of Trustee fails ........................................................ 7

        2.  Plaintiff's fraud claim fails for lack of required specificity and lack of reliance and damages ................................................. 8

    F.  Plaintiff Fails to Plead Facts Establishing a Claim for Violation of the California Homeowner Bill of Rights ....................................................... 10

        1.  HBOR is not applicable ................................................................. 10

        2.  Title365 has not violated Civil Code section 2923.55 ................... 10

        3.  Plaintiff is not entitled to recover any damages under HBOR ...... 11

    G.  Plaintiff's Fourth Cause of Action Fails as a Matter of Law .................. 12

        1.  Declaratory Relief ......................................................................... 12

        2.  Cancellation of Instruments ......................................................... 13

    H.  Plaintiff Fails to Plead Facts Establishing a Violation of Business and Professions Code Section 17200 .............................................................. 14

        1.  No "fair notice" ............................................................................ 14

        2.  No standing .................................................................................... 16

    I.  Plaintiff Fails to State a Claim for Violation of the Racketeer Influenced and Corrupt Organizations Act ............................................. 16

IV.  CONCLUSION ................................................................................................ 17

i

NOTICE OF MOTION AND MOTION OF DEFENDANT TITLE365 COMPANY TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

P:\DOCS\Nationstar.Andrews\Pleadings\T365.MTD.SAC..docx

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

# TABLE OF AUTHORITIES

**Page**

## CASES

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*
    20 Cal.4th 163 (1999)..................................................................14

*Committee on Children's Television, Inc. v. General Foods Corp.*
    35 Cal.3d 197 (1983)..................................................................15

*Dagres v. Countrywide Bank, N.A.*
    No. 2:14-CV-01339-CAS, 2014 WL 5335851 at *7 (C.D. Cal. Oct. 20, 2014) ........6

*Daro v. Superior Court*
    151 Cal.App.4th 1079 (2007) ..........................................................16

*Diaz v. Wells Fargo BankN.A.*
    13-CV-04915-LHK, 2013 WL 6172648 (N.D. Cal. Nov. 25, 2013) ..........................11

*Emery v. Visa Internat. Service Ass'n*
    95 Cal.App.4th 952 (2002)..............................................................15

*Gomes v. Countrywide Home Loans, Inc.*
    192 Cal.App.4th 1149, 1157 (2011).............................................4, 8, 15

*Hironymous v. Hiatt*
    52 Cal. App. 727 (1921) .................................................................13

*Hughes v. Beekley*
    85 Cal. App. 313 (1927) .................................................................13

*Jenkins v. JP Morgan Chase Bank, N.A.*
    216 Cal.App.4th 497, 515 (2013).........................................................7

*Kachlon v. Markowitz*
    168 Cal.App4th 316, 335 (2008) ......................................................4, 5

*Khoury v. Maly's of California, Inc.*
    14 Cal.App.4th 612 (1993).........................................................14, 15

*Lane v. Vitek Real Estate Industries Group,*
    713 F.Supp.2d 1092,1099 (E.D. Cal. 2010) ...............................................7

*Major v. Wells Fargo Bank, N.A.*
    14-CV-998-LAB-RBB, 2014 WL 4103936 (S.D. Cal. Aug. 18, 2014)................10, 11

*Moeller v. Lien*
    25 Cal. App. 4th 822 (1994) ...............................................................4

*Robertson v. Superior Court*
    90 Cal. App. 4th 1319 (2001) .............................................................13

ii

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

*Ruiz v. Wells Fargo Bank, N.A.*
   2013 WL 1235841 * 2 (C.D. Cal. Mar. 27, 2013)......................................................6

**FEDERAL CASES**

*Alan Neuman Productions, Inc. v. Albright*
   862 F.2d 1388 (9th Cir. 1988) .....................................................................17

*Ashcroft v. Iqbal*
   556 U.S. 662, 129 S. Ct. 1937 (2009) .........................................................3

*Associated Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters*
   459 U.S. 519 (1983) ....................................................................................4

*Balistreri v. Pacifica Police Dep't.*
   901 F.2d 696 (9th Cir. 1990) ......................................................................2

*Baumer v. Pachl*
   8 F.3d 1341 (9th Cir. 1993) ......................................................................16

*Bell Atlantic Corporation v. Twombly*
   550 U.S. 544, 127 S. Ct. 1955 (2007) ......................................................2, 3

*Bly-Magee v. California*
   236 F.3d 1014 (9th Cir. 2001) ..................................................................3, 8

*Durning v. First Boston Corp.*
   815 F.2d 1265 (9th Cir. 1987) ...................................................................3

*Earnest v. Lowenritt*
   690 F.2d 1198 (5th Cir. 1982) .................................................................12

*International Harvester Co. v. Deere & Co.*
   623 F.2d 1207 (7th Cir. 1980) .................................................................12

*Moore v. Kayport Package Express, Inc.*
   885 F.2d 531 (9th Cir. 1989) .................................................................8, 9

*Newbronner v. Milken*
   6 F.3d 666 (9th Cir. 1993) .........................................................................8

*Rockridge Trust v. Wells Fargo, N.A.*
   985 F.Supp.2d at 1162 ............................................................................5, 7

*Rothman v. Vetter Park Management*
   912 F.2d 315 (9th Cir. 1990) ...................................................................16

*Spencer v. DHI Mortgage Company, Ltd.*
   642 F. Supp. 2d 1153 (E.D. Cal. 2009) ......................................................4

*Swartz v. KPMG LLP*
   476 F.3d 756 (9th Cir. 2007) .....................................................................8

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

iii

*Vess v. Ciba-Geigy Corp. USA*
   317 F.3d 1097 (9th Cir. 2003) ................................................................3, 8

**STATUTES**

18 U.S.C. § 1961 ....................................................................................16

18 U.S.C. § 1961(5) ...............................................................................17

28 U.S.C. § 2201 ....................................................................................12

28 U.S.C. § 2201(a) ...............................................................................12

2924(d) .....................................................................................................5

Cal. Bus. & Prof. Code § 17200 ...........................................................14

Cal. Bus. & Prof. Code § 17204 ...........................................................16

Cal. Civ. Code § 2923.55 ................................................................10, 11

Cal. Civ. Code § 2923.55(b)(1)(A) .......................................................10

Cal. Civ. Code § 2923.55(b)(2) .............................................................10

Cal. Civ. Code § 2924 .......................................................................4, 14

Cal. Civ. Code § 2924(a)(1) ........................................................ passim

Cal. Civ. Code § 2924.15(a) ..................................................................10

Cal. Civ. Code § 2924b(b)(4) ...................................................... passim

Cal. Civ. Code § 3412 ............................................................................13

Cal. Civ. Code §§ 2924 through 2924k ...................................................4

Civil Code section 2924(b) .......................................................................5

Civil Code Section 2924(d)(1). .................................................................5

Civil Code section 2936 ............................................................................6

Civil Code section 47 ................................................................................5

Penal code section 532(f)(a)(4) ..............................................................14

**RULES**

Fed. R. Civ. P. 10(c) .................................................................................3

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

iv

Fed. R. Civ. P. 12(b)(6) ........................................................................2

Fed. R. Civ. P. 8(a)(2) ........................................................................2

Fed. R. Civ. P. 9(b)........................................................................3, 8, 17

Rule 9(b)........................................................................7

v

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff Mark Allen Andrews ("Plaintiff") fails to set forth the factual basis for his Second Amended Complaint against Defendant Title365 Company ("Title365"). It is apparent from Plaintiff's operative pleading that Title365's inclusion in the instant action is based solely on its role as the agent of substituted trustee Sage Point Lender Services, LLC, in the ensuing nonjudicial foreclosure sale of the Subject Property. Plaintiff has not and cannot allege any substantive acts of wrongdoing attributable to Title365.

In fact, Plaintiff's allegations are grounded in erroneous interpretations of the underlying law. For example, Plaintiff's "securitization" argument that when the debt transferred, the security interest in the debt became invalid and Nationstar Mortgage LLC was never the beneficiary or lender is contrary to legal and statutory authority. Likewise, Plaintiff cannot bring this lawsuit to demand defendants to demonstrate that they were authorized to proceed with non-judicial foreclosure. Also, Plaintiff has not alleged facts establishing a material violation of California's Homeowner Bill of Rights ("HBOR") or that the alleged violations caused him to suffer any damages. Further, Plaintiff's fraud based claims lack the required elements and specificity. Here, Plaintiff's allegations show that he obtained a refinance loan, obtained at least two loan modification, and continues to reside in the subject property. As such and for the reasons stated below, the Court should grant Title365's Motion to Dismiss.

### II.    BACKGROUND

Plaintiff initiated this action on July 9, 2014 in an attempt to further delay the pending non-judicial foreclosure proceedings concerning the real property located at 9601 Carrillo Ave., Montclair, California 91763 (the "Subject Property"). Plaintiff's Second Amended Complaint alleges six causes of action against five defendants, including defendants Nationstar Mortgage LLC ("Nationstar") and The Bank of New York Mellon FKA the Bank of New York, as Trustee for Nationstar Home Equity Loan Trust 2007-C ("BNYM").

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1       Plaintiff's theory of the case is that when the debt transferred, the security interest in the

2  debt became invalid and Nationstar was never the beneficiary or lender of the loan.  As such,

3  Plaintiff believes he should continue to reside in the subject property for free, without paying

4  back the money previously borrowed.  As to Title365, Plaintiff alleges that Title365 failed

5  to contact Plaintiff to explore alternatives to foreclosure and wrongfully, without authority,

6  recorded the Notice of Default, Notice of Trustee's Sale and second Substitution of

7  Trustee.  Plaintiff seeks to cancel the Deed of Trust, Substitutions of Trustee, Notice of

8  Default and Notice of Trustee's Sale.  Plaintiff also alleges that defendants, collectively,

9  engaged in fraud and violated California's Homeowner Bill of Rights.  Nationstar, BNYM and

10  Title365, however, challenge Plaintiff's contentions.

11       On October 29, 2014, Title365 filed and served its Declaration of Non-Monetary

12  Status ("Declaration")  *See* Docket No. 32.  On November 4, 2014, Plaintiff served an

13  objection, setting forth various objections to Title365's Declaration.  Plaintiff's Second

14  Amended Complaint, however, does not plead any legal basis for any of the claims alleged

15  against Title365.

16  **III.**    **DISCUSSION**

17      **A.**    **The Applicable Legal Standard**

18       The sufficiency of a claim for relief is governed by Fed. R. Civ. P. 8(a)(2), which

19  requires that a pleading contain "a short and plain statement of the claim showing that the

20  pleader is entitled to relief[.] . . ."  The United States Supreme Court, in *Bell Atlantic*

21  *Corporation v. Twombly*, 550 U.S. 544, 554-63, 127 S. Ct. 1955 (2007), re-examined this

22  standard in the context of an antitrust case.  The Court held that plaintiffs could not satisfy

23  Rule 8(a)(2) with mere conclusory statements; rather, plaintiffs must include sufficient factual

24  allegations to make a claim at least plausible, as opposed to merely possible.  Thus, under Rule

25  12(b)(6), dismissal is proper when the plaintiff either lacks a "cognizable legal theory" or

26  where there is a "legally cognizable" right but the plaintiff fails to allege sufficient facts to

27  support the claim.  *Twombly*, 550 U.S. at 555-56; *see also Balistreri v. Pacifica Police Dep't.*,

28  901 F.2d 696 (9th Cir. 1990).

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1      More recently, in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009), the Supreme

2  Court reiterated that the pleading standards articulated in *Twombly* apply to all civil actions.

3  Clearly, if plaintiffs "have not nudged their claims across the line from conceivable to

4  plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570.  A court may

5  disregard allegations in the body of a complaint if those allegations are contradicted by facts

6  established by reference to documents attached to the complaint as exhibits.  *See Durning v.*

7  *First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *see also* Fed.R.Civ.P. 10(c).

8      Additionally, a complaint based upon allegations of fraud must meet the heightened

9  standard imposed by Fed. R. Civ. P. 9(b), which requires that "all averments of fraud … shall

10  be stated with particularity."  Indeed, allegations of fraud and misrepresentation must be

11  "specific enough to give defendants notice of the particular misconduct which is alleged to

12  constitute the fraud charged so that they can defend against the charge and not just deny that

13  they have done anything wrong." *See Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir.

14  2001) (quoting *Newbronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993)).

15      Rule 9(b) is intended to protect defendants from "the harm that comes from being

16  subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court,

17  the parties and society enormous social and economic costs absent some factual basis." *Id*. at

18  1018.  Accordingly, to satisfy Rule 9(b)'s standard, a plaintiff must offer the "who, what,

19  when, where and how" that support his or her allegations. *See Vess v. Ciba-Geigy Corp. USA*,

20  317 F.3d 1097, 1106 (9th Cir. 2003).

21      When the foregoing authorities are applied to Plaintiff's Second Amended Complaint,

22  it becomes clear that the Second Amended Complaint should be dismissed in its entirety, with

23  prejudice, as to Title365.

24  **B.      Dismissal of All Claims Asserted Against Title365 is Warranted Under**

25  **Rule 12(b)(6)**

26      In the Second Amended Complaint, Plaintiff fails to make any substantive allegations

27  of wrongdoing by Title365.  The Second Amended Complaint fails to offer even a formulaic

28  recitation as to any alleged wrongdoing by Title365 and does not seek any monetary damages

3

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1  against Title365.  It is not appropriate for a court to assume that a plaintiff "can prove facts

2  which [plaintiff] has not alleged or that the defendants have violated the ... laws in ways that

3  have not been alleged." *See Associated Gen. Contractors of Calif., Inc. v. Calif. State Council*

4  *of Carpenters*, 459 U.S. 519, 526 (1983).

5  California's non-judicial foreclosure process is governed by a comprehensive and

6  exhaustive statutory framework, which is contained in California Civil Code sections 2924

7  through 2924k.  *See, e.g., Spencer v. DHI Mortgage Company, Ltd.*, 642 F.Supp. 2d 1153,

8  1166 (E.D. Cal. 2009) (citing *Moeller v. Lien*, 25 Cal.App.4th 822, 834 (1994)).  One of the

9  California Legislature's purposes in establishing the non-judicial foreclosure process was to

10  ensure that a properly conducted foreclosure sale constitutes a final adjudication of the rights

11  of the borrower and lender.  The laws demonstrate the legislative intent to establish an

12  equitable tradeoff of protections and limitations.  Thus, the statutory scheme has long

13  contained a myriad of rules relating to standing, notice, and a borrower's right to cure.  *See id.*

14  "The scope and nature of the trustee's duties are exclusively defined by the deed of trust and

15  governing statutes." *See Kachlon v. Markowitz*, 168 Cal.App4th 316, 335 (2008)

16  Plaintiff's Second Amended Complaint fails to show that Title365 violated the

17  provisions of the deed of trust or the comprehensive and exhaustive statutory framework

18  governing non-judicial foreclosures in California.  Under California *Civil Code* section 2924,

19  "[t]he foreclosure process is commenced by the recording of a notice of default and election to

20  sell by the trustee." *See Spencer*, 642 F.Supp.2d at 1166 (quoting *Moeller*, 25 Cal.App.4th at

21  830).  Moreover, in California, non-judicial foreclosure can be commenced by the trustee,

22  mortgagee or beneficiary or any of their authorized agents and a person authorized to record

23  the notice of default or the notice of sale. *See Cal. Civ. Code* §§ 2924(a)(1), 2924b(b)(4).

24  Further, a lawsuit cannot be filed to demand the foreclosing party to demonstrate that it was

25  authorized to proceed with non-judicial foreclosure. *See Gomes v. Countrywide Home Loans,*

26  *Inc.*, 192 Cal.App.4th 1149, 1157 (2011).

27  Here, the statutorily prescribed procedures have been followed. *See* SAC, Exhibits 3,

28  5-8.  Specifically, the Deed of Trust identifies Nationstar as the beneficiary and lender and

4

1   Nationstar substituted Sage Point Lender Services, LLC ("Sage Point") as trustee pursuant to

2   the second Substitution of Trustee dated November 21, 2013 and recorded December 12,

3   2013. *Id.* at Exhibit 7. Next, Sage Point and Title365 recorded the Notice of Default. *Id.* at

4   Exhibit 6. After Plaintiff failed to cure the default, Sage Point executed the Notice of Trustee's

5   Sale which was recorded on March 14, 2014. *Id.* at Exhibit 8. Thus, Plaintiff's Second

6   Amended Complaint shows that the statutory non-judicial foreclosure procedures were

7   followed. Therefore, all of Plaintiff's claims against Title365 should be dismissed.

8       Because the Second Amended Complaint utterly fails to allege how Title365 violated

9   any of the laws identified in the Second Amended Complaint, Plaintiff's claims against

10  Title365 should be dismissed.

11  **C.**   **Title365's Advancement of Non-judicial Foreclosure Proceedings is**

12          **Privileged**

13      Title365's role in recording the Notice of Default, Notice of Trustee's Sale, and

14  second Substitution of Trustee as an agent of the trustee is privileged under California

15  Civil Code sections 47 and 2924(b) and (d). Specifically, the recording of the notice of

16  default and non-judicial foreclosure documents are subject to statutory privilege for

17  publication when made without malice to an interested person. *See Rockridge Trust v.*

18  *Wells Fargo, N.A.*, 985 F.Supp.2d 1110, 1158 (N.D. Ca. 2013) *see also, Kachlon v.*

19  *Markowitz*, 168 Cal.App.4th at 340. Further, California Civil Code section 47 creates a

20  privilege for a "communication, without malice, to a person interested therein."

21  Additionally, Civil Code 2924(b), which sets forth the framework for non-judicial

22  foreclosure in California, states that "the trustee shall incur no liability for any good faith

23  error resulting from reliance on information provided in good faith by the beneficiary

24  regarding the nature and amount of the default[.]" The mailing, publication and delivery

25  of notices as required by this section "shall constitute privileged communications pursuant

26  to Section 47." *Cal. Civ. Code* § 2924(d)(1).

27      Plaintiff does not and cannot allege that Title365 acted with malice or that it lacked

28  reasonable grounds to proceed with recording the Notice of Default. Plaintiff cannot

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1   allege that Title365 did not rely in good faith on the information provided to it.  Moreover,

2   Plaintiff does not allege any conduct by Title365 that falls outside of the immunity offered

3   for Title365's involvement in the non-judicial foreclosure proceedings.  Simply put,

4   Plaintiff cannot and does not allege any actions by Title365 which fall outside of its

5   administrative duties on behalf of the substituted trustee.

6       Further, Title365 is a nominal party because it did not act improperly in its capacity

7   as an agent of the trustee, it only performed ministerial acts for the main defendant, and it

8   has no stake in the court action against the main defendant.  Also, monetary damages are

9   not sought against Title365.  Instead, Plaintiff seeks injunctive relief, restitution from

10  Nationstar and cancellation of the Deed of Trust, Notice of Default, Substitutions of

11  Trustee and Notice of Trustee's Sale.

12      Even if there was some error or wrongdoing by Title365 in the non-judicial

13  foreclosure proceedings, Plaintiff has failed to allege any damage or prejudice resulting

14  from such error.  In order for a defect in the notice of default for a non-judicial foreclosure

15  to be material, it must cause prejudice.  *See Dagres v. Countrywide Bank, N.A.* No. 2:14-

16  CV-01339-CAS, 2014 WL 5335851 at *7 (C.D. Cal. Oct. 20, 2014).  Plaintiff has not, and

17  in good faith, cannot allege that any action by Title365 caused him any prejudice.  As

18  such, Plaintiff's Second Amended Complaint should be dismissed with prejudice as to

19  Title365.

20      **D.    Plaintiff's "Securitization" Argument Fails**

21      Plaintiff contends that the subject deed of trust was not properly assigned when the

22  note was securitized and transferred, so the deed of trust does not exist.  *See SAC,* ¶¶ 33-34.

23  Plaintiff's argument, however has been tried, argued, and failed in *Ruiz v. Wells Fargo Bank,*

24  *N.A.,* 2013 WL 1235841 * 2 (C.D. Cal. Mar. 27, 2013)[1].  In *Ruiz,* plaintiff made the same

25  argument in an attempt to quiet title.  *Id.*  The court, however, held that plaintiff's argument "is

26  premised on a fundamental misreading of California Civil Code section 2936."  *Id.*  "[S]ection

27  _____

28  [1] Plaintiff's counsel, Mr. Freshman, also represented the plaintiff in *Ruiz.*

NOTICE OF MOTION AND MOTION OF DEFENDANT TITLE365 COMPANY TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
P:\DOCS\Nationstar.Andrews\Pleadings\T365.MTD.SAC..docx

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1  2936 provides that the security is automatically transferred whenever a note is assigned." *Id.*

2  Further, the fact that a promissory note may be traded on the secondary market does not render

3  it unsecured because the deed of trust follows the note. *See Lane v. Vitek Real Estate*

4  *Industries Group*, 713 F.Supp.2d 1092,1099 (E.D. Cal. 2010). Plaintiff lacks standing to

5  enforce any agreement concerning the transfer of the note and deed of trust. *See Jenkins v. JP*

6  *Morgan Chase Bank, N.A.*, 216 Cal.App.4[th] 497, 515 (2013). As such, Plaintiff's theory of the

7  case fails as a matter of law.

8       **E.**   **Plaintiff Cannot State a Claim for Negligent Misrepresentation Against**

9          **Title365**

10       Plaintiff's second cause of action based in fraud fails. "To allege a cause of action

11  for negligent misrepresentation, plaintiff must plead: (1) the misrepresentation of a past or

12  existing material fact; (2) without reasonable grounds for believing it to be true; (3) with

13  intent to induce another's reliance on the fact misrepresented; (4) justifiable reliance on the

14  misrepresentation; and (5) resulting damage. *See Rockridge Trust v. Wells Fargo, N.A.*,

15  985 F.Supp.2d at 1162. Rule 9(b) is applied and the existence of a duty of care must also

16  be alleged. *Id.* at 1163. Here, Plaintiff contends that Title365 made negligent false

17  statements about its authority to record the Notice of Default and Substitution of Trustee.

18  *See* SAC, ¶ 58. Plaintiff's contentions fail.

19         **1.**   **Plaintiff's claim regarding the Notice of Default and Substitution**

20            **of Trustee fails**

21       As noted above (Section III.B., *supra*), non-judicial foreclosure proceedings were

22  properly commenced with the recordation of the Notice of Default on December 12, 2013.

23  Foreclosure can be commenced by the **trustee, mortgagee or beneficiary or any of their**

24  **authorized agents** and a person authorized to record the notice of default or the notice of sale.

25  *See Cal. Civ. Code* §§ 2924(a)(1), 2924b(b)(4). Here, the statutorily prescribed procedure was

26  followed: the Deed of Trust identifies Nationstar as the beneficiary and lender and Nationstar

27  substituted Sage Point as trustee pursuant to the second Substitution of Trustee dated

28  November 21, 2013 and recorded December 12, 2013. *Id.* at Exhibit 7. Next, Sage Point and

7

NOTICE OF MOTION AND MOTION OF DEFENDANT TITLE365 COMPANY TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
P:\DOCS\Nationstar.Andrews\Pleadings\T365.MTD.SAC..docx

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1   its agent, Title365 recorded the Notice of Default. *Id.* at Exhibit 6. After Plaintiff failed to

2   cure the default, Sage Point executed the Notice of Trustee's Sale which was recorded on

3   March 14, 2014. *Id.* at Exhibit 8.

4          Thus, Plaintiff's allegations fall short of demonstrating how the foreclosure proceedings

5   were improperly commenced or how the recorded title documents were false. In fact, Plaintiff

6   cannot bring a suit to demand the foreclosing party to demonstrate that it was authorized to

7   proceed with non-judicial foreclosure. *See Cal. Civ. Code* §§ 2924(a)(1), 2924b(b)(4); *see*

8   *also, Gomes v. Countrywide Home Loans, Inc.*, 192 Cal.App.4th at 1157. Further, Plaintiff

9   does not and cannot allege the existence of a duty of care from Title365 to Plaintiff. Notably,

10  "[t]he trustee in nonjudicial foreclosure is not a true trustee with fiduciary duties, but rather a

11  common agent for the trustor and beneficiary. *See Kachlon v. Markowitz*, 168 Cal.App.4[th] at

12  335. As such, Plaintiff's claim fails as a matter of law.

13         **2.      Plaintiff's fraud claim fails for lack of required specificity and**

14                 **lack of reliance and damages**

15         Plaintiff's allegations of fraud must be "specific enough to give defendants notice of

16  the particular misconduct which is alleged to constitute the fraud charged so that they can

17  defend against the charge and not just deny that they have done anything wrong." *See Bly-*

18  *Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting *Newbronner v. Milken*, 6

19  F.3d 666, 672 (9th Cir. 1993)).

20         Moreover, under federal law, "Rule 9(b)'s particularity requirement applies to state-law

21  causes of action." *See Vess*, 317 F.3d at 1103. To comply with Rule 9(b), the circumstances

22  constituting fraud must be stated with particularity. *See Moore v. Kayport Package Express,*

23  *Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). In addition, "Rule 9(b) does not allow a complaint to

24  merely lump multiple defendants together but require[s] plaintiffs to differentiate their

25  allegations when suing more than one defendant … and inform each defendant separately of

26  the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476

27  F.3d 756, 764-65 (9th Cir. 2007). "In the context of a fraud suit involving multiple

28

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1   defendants, a plaintiff must, at a minimum, 'identif[y] the role of [each] defendant [] in the

2   alleged fraudulent scheme.'" *Id.* at 765 (citing *Moore*, 885 F.2d at 541).

3         Plaintiff's second cause of action is entirely inadequate. The Second Amended

4   Complaint does not identify any misrepresentation by Title365 with any particularity, let alone

5   allege facts informing Title365 of its alleged participation in the fraud. The Second Amended

6   Complaint also fails to allege the circumstances surrounding any Title365 misrepresentation

7   by Title365, such as the time, place and nature of the alleged concealment or

8   misrepresentation, and the identity of the Title365 representative(s) allegedly making any

9   misrepresentation to Plaintiff in connection with the Notice of Default or Substitution of

10  Trustee.

11        Additionally, Plaintiff alleges no facts regarding any reliance on a false representation

12  or that he suffered any actual damages as a result of the alleged fraud. Plaintiff remains on

13  title and in possession of the Subject Property. Taking Plaintiff's allegations as the truth, he

14  continues to reside in the property and he is not in "default." Plaintiff's second cause of

15  action should be dismissed as to Title365.

16        Likewise, the Second Amended Complaint does not indicate that Plaintiff believed

17  in the alleged representations or that they caused him to take any action to his detriment.

18  In fact, Plaintiff was able to obtain the benefits or a refinance loan and Plaintiff still has

19  possession and title of the Subject Property. Plaintiff still cannot explain how the alleged

20  statements were false or misleading. Also, Plaintiff fails to allege how Title365 acted

21  negligently and had no reasonable grounds to believe the truth of its alleged statements, or

22  intentionally sought to mislead Plaintiff. Plaintiff's generalized and conclusory allegations

23  simply restate the elements of a claim, not facts that support a claim. In sum, Plaintiff's

24  second cause of action grounded in fraud fail and this claim should be dismissed without

25  leave to amend.

26  ///

27  ///

28  ///

9

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

**F.    Plaintiff Fails to Plead Facts Establishing a Claim for Violation of the California Homeowner Bill of Rights**

Plaintiff claims that Title365 violated California's Homeowner Bill of Rights ("HBOR"), yet Plaintiff fails to establish that HBOR even applies to Plaintiff's claims, let alone that there was an actual violation of HBOR that may be remedied.

### 1.    HBOR is not applicable

To begin, Plaintiff fails to allege facts showing that HBOR substantively applies to Plaintiff's claims.  HBOR only applies to "first lien mortgages or deeds of trust that are secured by owner-occupied residential real property containing no more than four dwelling units." California *Civil Code* §2924.15, subdivision (a).  "'Owner-occupied' means that the property is the principal residence of the borrower and is security for a loan made for personal, family, or household purposes." *Id*.  Plaintiff makes no allegations that the instant lawsuit pertains to a first lien mortgage or deed of trust that was made for personal, family, or household purposes. In short, Plaintiff fails to allege that the Loan is one to which HBOR applies at all.  Even so, Plaintiff's HBOR claims substantively fail as well.

### 2.    Title365 has not violated Civil Code section 2923.55

Civil Code section 2923.55 requires a mortgage servicer, trustee, beneficiary or its authorized agent to contact the borrower and assess the borrower's financial situation. *See Cal. Civ. Code* § 2923.55(b)(2).  The mortgage servicer is to send the borrower a statement regarding the Servicemembers Civil Relief Act ("SCRA"). *See Cal. Civ. Code* § 2923.55(b)(1)(A).  Here, Plaintiff claims that defendants, collectively, did not contact him and he did not receive the required statements under Civil Code section 2923.55. *See* SAC,¶ 77, ¶¶ 81-82.  Plaintiff, however, does not and cannot allege that Title365 is the "mortgage servicer."

Again, Plaintiff's allegations fail.  Plaintiff's allegations simply mirror the language of the statute which is insufficient to state a claim. In *Major v. Wells Fargo Bank, N.A.*, 14-CV-998-LAB-RBB, 2014 WL 4103936 *3 (S.D. Cal. Aug. 18, 2014), the plaintiff alleged that Wells Fargo did not contact them as required by the statutory requirements in Civil Code

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1 section 2923.55. The Court in *Major*, found that plaintiff needed to allege additional facts

2 (more than "naked assertions") and that the declaration attached to the Notice of Default was

3 "sufficient to establish that the lender complied with the statute at the motion to dismiss stage."

4 *Id.*; *see also, Diaz v. Wells Fargo Bank, N.A.*, 13-CV-04915-LHK, 2013 WL 6172648 * 4

5 (N.D. Cal. Nov. 25, 2013).

6      Similarly, here, Plaintiff concludes that the Notice of Default was wrongfully recorded

7 because he was not contacted or provided information pursuant to Civil Code section 2923.55.

8 *See* SAC, ¶ 78. Plaintiff also claims that the Declaration of Compliance attached to the Notice

9 of Default is untrue. *Id.*, *see also*, SAC, Exhibit 6. Plaintiff does not elaborate any further.

10 Plaintiff's allegations are factually deficient and subject to dismissal as numerous courts have

11 held that bare bone allegations cannot survive a motion to dismiss and the Declaration of

12 Compliance shows statutory compliance. Plaintiff has not alleged any facts as to why the

13 Court should be persuaded to deviate from prior cases. Moreover, Plaintiff complains that he

14 did not receive a notice informing him that he may request the deed of trust but Plaintiff's

15 Second Amended Complaint attaches a copy of the Deed of Trust, Substitutions of Trustee,

16 Notice of Default and Notice of Trustee's Sale. Plaintiff has some of the very documents that

17 he is complaining that he did not receive.

18      Accordingly, Plaintiff's claim fails and Title365's Motion to Dismiss should be granted.

19      **3.**     **Plaintiff is not entitled to recover any damages under HBOR**

20      Plaintiff also fail to demonstrate that he is entitled to any recovery under the provisions

21 of HBOR. Here, Plaintiff has not alleged that he has suffered any damages caused by the

22 alleged HBOR violations. In fact, Plaintiff is still in possession of the Subject Property and

23 maintains his residence there. Also, the foreclosure sale has been postponed since April of

24 2014. As such, Plaintiff has not properly pled any facts entitling him to damages under

25 HBOR. Naturally, where there are no damages, there is no cause of action. Therefore,

26 Plaintiff has no basis for recovery of damages under HBOR.

27 ///

28 ///

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

11

NOTICE OF MOTION AND MOTION OF DEFENDANT TITLE365 COMPANY TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
P:\DOCS\Nationstar.Andrews\Pleadings\T365.MTD.SAC..docx

### G.   Plaintiff's Fourth Cause of Action Fails as a Matter of Law

Plaintiff's fourth cause of action is one for both declaratory relief and cancellation of the Deed of Trust.  Plaintiff contends that if the Deed of Trust remains recorded against the Subject Property, it will cause serious injury to Plaintiff.  *See* SAC, ¶ 90, ¶ 96, ¶ 98, ¶ 100. Also, Plaintiff contends that "[d]eclaratory Relief (sic) is necessary and appropriate because without judicial resolution, all Parties herein will remain unclear and in dispute as to their respective rights[.]"  *See* SAC, ¶ 101.  No matter how Plaintiff's claims are alleged, Plaintiff is unable to state a claim for relief against Title365.

### 1.   Declaratory Relief

Plaintiff seemingly invokes the Declaratory Judgment Act, 28 U.S.C. section 2201 and must allege: (1) facts showing the existence of an actual controversy, (2) regarding a matter or claim that is otherwise within federal court subject matter jurisdiction.  *See* 28 U.S.C. § 2201(a); *International Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1210 (7th Cir. 1980). Further, there is an implicit requirement that the "actual controversy" relate to a claim upon which relief could be granted.  *See, e.g., Earnest v. Lowenritt*, 690 F.2d 1198, 1203 (5th Cir. 1982).

As demonstrated herein, however, Plaintiff has failed to assert an actual controversy over a claim upon which relief could be granted.  The gravamen of Plaintiff's Second Amended Complaint is that Nationstar improperly commenced non-judicial foreclosure proceedings but Plaintiff's conclusion directly contradicts the Deed of Trust and California's statutory authority governing non-judicial foreclosures.  Here, Plaintiff's allegations do not deny his own default and Plaintiff admits that Nationstar was the lender and beneficiary under the Deed of Trust.  *See* SAC, Exhibit 3.  Thus, pursuant to the Deed of Trust, Nationstar was allowed to exercise its right to invoke the power of sale and Nationstar was permitted to appoint a successor trustee.  *Id.* at p.13, ¶ 22,  ¶ 24.  Likewise, foreclosure can be commenced by the trustee, mortgagee or **beneficiary or any of their authorized agents** and a person authorized to record the notice of default or the notice of sale.  *See Cal. Civ. Code* §§ 2924(a)(1), 2924b(b)(4).

12

1    Moreover, Plaintiff's contention that the Deed of Trust was forged by Ms. Oberst is not

2    supported by any factual allegations.  In fact, Ms. Oberst is not named as a defendant even

3    through her purported actions were alleged in both the original complaint and First Amended

4    Complaint.  Also, according to Plaintiff's allegations, he has been making monthly payments

5    to Nationstar since he denies his default under the terms of loan. *See* SAC, ¶ 5.  If Plaintiff did

6    not sign or agree to the terms of the Deed of Trust, then he would not be inclined to continue

7    making payments.  Interestingly, Plaintiff only discovered the alleged forgery when facing an

8    impending foreclosure sale of the Subject Property.

9    Accordingly, Plaintiff's Second Amended Complaint contains nothing upon which the

10   Court may issue a declaratory judgment.  Plaintiff's fourth cause of action should be

11   dismissed, with prejudice.

12                **2.      Cancellation of Instruments**

13   Plaintiff's fourth cause of action also seeks to cancel and expunge the Deed of Trust

14   and Notice of Default. *See* SAC, ¶ 90, ¶ ¶ 94-96, ¶ 98, ¶ 100.  Also, Plaintiff seeks to have

15   the "Substitution of Trustee and Deed of Reconveyance to be delivered up, cancelled and

16   expunged from the County's records. *Id.* at ¶ 92.  Plaintiff, however, pleads no legal basis for

17   cancellation of these documents.

18   Cancellation of instruments as a remedy is appropriate when there is "[a] written

19   instrument, in respect to which there is a reasonable apprehension that if left outstanding it

20   may cause serious injury to a person against whom it is void or voidable[.]" *Cal. Civ. Code* §

21   3412.  A complaint to cancel an instrument must state facts showing that the instrument is

22   void or voidable. *See Hughes v. Beekley*, 85 Cal.App. 313, 316 (1927).  To allege a valid

23   claim for cancellation of an instrument, a plaintiff must allege facts that, if true, support a

24   finding that the instrument at issue was procured by fraud, duress, accident or mistake. *See*

25   *Hironymous v. Hiatt*, 52 Cal.App. 727, 731 (1921) (abrogated on other grounds in *Robertson*

26   *v. Superior Court*, 90 Cal.App. 4th 1319 (2001)).  The plaintiff must also allege the "apparent

27   validity" and "actual invalidity" of the instrument and an apprehension of serious injury. *See*

28   *Cal. Civ. Code* § 3412; *Hughes*, 85 Cal.App. at 316.

13

1    Here, in the Second Amended Complaint, Plaintiff fails to demonstrate any of these

2   necessary elements and makes no effort whatsoever to plead the actual invalidity of any

3   documents related to the non-judicial foreclosure proceedings concerning the Subject

4   Property. Plaintiff fails to show that cancellation of the applicable Deed of Trust, or any other

5   non-judicial foreclosure document, is necessary in this case. Indeed, Plaintiff's arguments that

6   the Deed of Trust, Substitutions of Trustee, Notice of Default and Notice of Trustee's Sale are

7   void and fraudulent directly contradict the statutory authority set forth in Civil Code section

8   2924 et al. The foreclosure process may be commenced by the trustee or authorized agent as it

9   was here and Nationstar, as lender and beneficiary, may appoint a successor trustee. *See Cal.*

10  *Civ. Code* §§ 2924(a)(1), 2924b(b)(4); *see also*, SAC, Exhibit 3, page 13 at ¶ 24. Title365's

11  Motion to Dismiss the fourth cause of action should be sustained without leave to amend

12  **H.**    **Plaintiff Fails to Plead Facts Establishing a Violation of Business and**

13  **Professions Code Section 17200**

14    In the fifth cause of action for Violation of the Unfair Practices Act, Plaintiff alleges

15  that Title365 violated Business and Professions Code section 17200 et seq. (the "UCL").

16  Specifically, Plaintiff contends that Title365 engaged in mortgage fraud, recorded false

17  documents and violated the California Penal code section 532(f)(a)(4). *See* SAC, ¶ 106. To

18  state a claim under the UCL, a plaintiff must plead with particularity facts that establish that a

19  defendant's business practices where "unfair," unlawful," and "fraudulent." *See Khoury v.*

20  *Maly's of California, Inc.*, 14 Cal.App.4th 612, 619 (1993) (emphasis added). Plaintiff,

21  however, fails to provide Title365 with fair notice of the basis for this cause of action and fails

22  to demonstrate that he has standing to bring this cause of action.

23    **1.    No "fair notice"**

24    Under the UCL, unfair competition is defined as "any unlawful, unfair or fraudulent

25  business act or practice" and "unfair, deceptive, untrue or misleading advertising." *See* Cal.

26  Bus. & Prof. Code § 17200. An act is "unlawful" under section 17200 if it violates an

27  underlying state or federal statute or common law. *See Cel-Tech Communications, Inc. v. Los*

28  *Angeles Cellular Tel. Co.*, 20 Cal.4th 163, 180 (1999). An act is "unfair" if the act "threatens

14

1   an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws

2   because its effects are comparable to or the same as a violation of the law." *Id.* at 187.  A

3   practice is "fraudulent" if members of the public are likely to be deceived. *See Committee on*

4   *Children's Television, Inc. v. General Foods Corp.*, 35 Cal.3d 197, 211 (1983).

5       Additionally, a plaintiff alleging unfair business practices under the unfair competition

6   statutes "must state with reasonable particularity the facts supporting the statutory elements of

7   the violation." *See Khoury v. Maly's of Calif., Inc.*, 14 Cal.App.4th 612, 619 (1993).  Further,

8   the concept of vicarious liability has no application to actions brought under the UCL; rather, a

9   defendant's liability must be based on its participation in the unlawful practices and unbridled

10  control over the practices. *See Emery v. Visa Internat. Service Ass'n*, 95 Cal.App.4th 952, 960

11  (2002).

12      Plaintiff's allegations under the UCL fail because the Second Amended Complaint does

13  not put Title365 on notice of the claim(s) being asserted against it.  Indeed, Plaintiff generally

14  contends that Title365 committed mortgage fraud without identifying any specific conduct by

15  Title365 that purportedly caused Plaintiff's alleged injuries. *See SAC*, ¶ 106.  In fact,

16  Plaintiff's allegations remain contrary to statutory authority regarding commencement of non-

17  judicial foreclosure proceedings and Plaintiff cannot bring a claim to demand the foreclosing

18  party to demonstrate that it was authorized to proceed with non-judicial foreclosure. *See Cal.*

19  *Civ. Code* §§ 2924(a)(1), 2924b(b)(4); *see also, Gomes v. Countrywide Home Loans, Inc.*

20  (2011) 192 Cal.App.4th at 1157.  Plaintiff's generalized claims fail and do not put Title365 on

21  notice of its alleged wrongdoing that purportedly damaged Plaintiff.

22      Moreover, Plaintiff's reliance on the California Penal Code has no application in this

23  civil action.  Such criminal allegations have no applicability to civil actions between private

24  entities, particularly where, as here, Plaintiff has not alleged any sort of standing to enforce

25  the Penal Code.  Plaintiff's allegation should be disregarded.  As discussed herein, Plaintiff's

26  claims regarding HBOR are contrary to statutory authority.  Likewise, Plaintiff fails to allege

27  any purportedly fraudulent conduct by Title365.  On this basis alone, Plaintiff's fifth cause of

28  action is fatally deficient.

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1

### 2.   No standing

2    Plaintiff's fifth cause of action also fails as alleged against Title365 because Plaintiff

3  has not pled—and, in good faith, cannot plead—that he lost money or property as a result of

4  any "unfair competition" by Title365.  *See* SAC, ¶¶ 104-106.  Clearly, "a private person has

5  standing to sue under the [unfair competition law] only if that person has suffered injury and

6  lost money or property 'as a result of such unfair competition.'"  *Daro v. Superior Court*, 151

7  Cal.App.4th 1079, 1098 (2007) (citing Cal. Bus. & Prof. Code § 17204).  Simply put, Plaintiff

8  has not lost the Subject Property in a trustee's sale, nor has Plaintiff demonstrated that Title365

9  obtained any money from Plaintiff in a manner unauthorized by Plaintiff's Note or Deed of

10  Trust.  In fact, Plaintiff still resides in the Subject Property.  Plaintiff's fifth cause of action

11  should be dismissed, with prejudice, as to Title365.

12    **I.**    **Plaintiff Fails to State a Claim for Violation of the Racketeer Influenced**

13      **and Corrupt Organizations Act**

14    Plaintiff's sixth cause of action is based on the unsupported and conclusory allegations

15  that defendants, collectively, engaged in racketeering activity and were a "part of a scheme or

16  artifice that constitutes unlawful conduct devised and implemented to defraud Plaintiff.  *See*

17  SAC, ¶ 114, ¶¶ 116-117.  Although Plaintiff attempts to allege civil violations of the

18  Racketeer and Corrupt Practices Act, 18 U.S.C. section 1961 *et seq.* ("RICO") by Title365,

19  Plaintiff has clearly failed to allege an agreement that is a substantive violation of RICO, or

20  that Title365 agreed to commit, or participated in, a violation of two predicate offenses.

21    Under federal law, a RICO claim requires a showing that "a pattern of racketeering

22  activity" occurred.  18 U.S.C. § 1961; *see also, Rothman v. Vetter Park Management*, 912

23  F.2d 315, 316 (9th Cir. 1990).  To establish the requisite activity, a plaintiff "must allege either

24  an agreement that is a substantive violation of RICO or that the defendants agreed to commit,

25  or participated in, a violation of two predicate offenses."  *See Baumer v. Pachl*, 8 F.3d 1341,

26  1346 (9th Cir. 1993).

27    Plaintiff has failed to allege Title365's substantive violation of RICO, or to sufficiently

28  enumerate the predicate acts upon which Plaintiff's RICO claim against Title365 is based.  *See*

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

1    18 U.S.C. § 1961(5).  Moreover, where, as here, a plaintiff tries to allege fraudulent acts as the

2    predicate offenses upon which the RICO claim is base, Fed. R. Civ. P. 9(b) "requires that

3    circumstances constituting fraud be stated with particularity."  *Alan Neuman Productions, Inc.*

4    *v. Albright*, 862 F.2d 1388, 1392-93 (9th Cir. 1988).  Plaintiff's Second Amended Complaint

5    does not contain specific allegations of any fraud committed by Title365 (or any other

6    defendant) or any allegations of any "pattern" or fraudulent conduct by Title365 that might

7    support a Civil RICO claim.  Instead, Plaintiff's pleadings and exhibits show that Title365

8    complied with California's non-judicial foreclosure statutory procedures.  *See Cal. Civ. Code*

9    §§ 2924(a)(1), 2924b(b)(4).  Accordingly, Plaintiff's sixth cause of action fails as to Title365.

10   **IV.    CONCLUSION**

11          For the reasons set forth above, Title365 respectfully requests that the Court grant

12   this Motion and dismiss Plaintiff's Second Amended Complaint in its entirety, with

13   prejudice, as to Title365.

14   DATED: November 25, 2014          GREEN & HALL, A Professional Corporation

15

16

17   By: _____
        Howard D. Hall
18        Macey A. Chan
        Attorneys for Defendants NATIONSTAR
19      MORTGAGE LLC and THE BANK OF NEW
        YORK MELLON FKA THE BANK OF NEW
20      YORK, AS TRUSTEE FOR NATIONSTAR
        HOME EQUITY LOAN TRUST 2007-C and
21      TITLE365 COMPANY erroneously sued as
        TITLE365 INSURANCE COMPANY d/b/a
22      TITLE365

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION OF DEFENDANT TITLE365 COMPANY TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
P:\DOCS\Nationstar.Andrews\Pleadings\T365.MTD.SAC..docx