UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:14-cv-1511-SVW-AJW | Date | November 24, 2014 |
|---|---|---|---|
| Title | Mark Allen Andrews v. Nationstar Mortgage, LLC, et al. | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:**   IN CHAMBERS ORDER REGARDING DECEMBER 1, 2014 HEARING

On November 24, 2014, the Court continued the hearing on Defendants' Motion to Dismiss the Second Amended Complaint to December 1, 2014.  Although subject matter jurisdiction is not raised in the Defendants' motion to dismiss, "the court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983) (citations omitted).  "The addition of a non-diverse defendant in an amended complaint defeats diversity." *Gorfinkle v. U.S. Airways, Inc.*, 431 F.3d 19, 22 (1st Cir. 2005) (citing *Am. Fiber & Finishing, Inc. v. Tyco Healthcare Group, LP*, 362 F.3d 136, 141–42 (1st Cir. 2004)).  Once Plaintiff added allegations against QLS, Title365, and Sage Point, the operative complaint, on its face, presents a dispute lacking complete diversity.  Consequently, the parties should be prepared to address not only the merits of the motion to dismiss but also the issue of subject matter jurisdiction at the hearing on December 1, 2014.

:

Initials of Preparer     PMC