UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:14-cv-1511-SVW-AJW | Date | March 9, 2015 |
|---|---|---|---|
| Title | Mark Allen Andrews v. NationStar Mortgage, LLC, et al. | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   IN CHAMBERS ORDER DISMISSING THE COMPLAINT WITHOUT PREJUDICE [31] [43] [48]

Mark Allen Andrews challenges the non-judicial foreclosure of his home. In March 2007, Andrews says he met Carol Oberst. Oberst apparently represented herself as a "Chase Subprime" employee. Oberst allegedly helped Andrews secure a loan, but she then raised the amount of the loan and signed Andrew's name on the closing documents without his permission. As a result, Andrews borrowed $322,500 from NationStar. The loan was secured by a Deed of Trust on Andrew's house. QLS became the trustee under the Deed of Trust through a Substitution of Trustee recorded in June 2010. But, according to a notice of default, Andrews found himself in arrears by December 9, 2013. (Andrews says this representation is false.) Three days later, Sage Point replaced QLS as trustee through a Second Substitution of Trustee. A Notice of Trustee's sale was recorded on March 14, 2014. Andrews, however, alleges that each of the recorded documents contained several misrepresentations, mostly related to the legal status of each Defendant (e.g., NationStar represented it was the lender when, in fact, it was only a servicer or originator).

The Court has jurisdiction because Andrews pled a federal claim, and his state law claims are related to the same transaction of facts. 28 U.S.C. §§ 1331, 1367.

To survive a motion under Federal Rule of Civil Procedure 12(b)(6), a complaint must state "a claim upon which relief may be granted." *Pacific Bell Telephone Co. v. Linkline Comm'ns, Inc.*, 555 U.S. 438, 456 (2009). Such a claim must have "facial plausibility," which requires the plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint that offers mere "labels

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:14-cv-1511-SVW-AJW | Date | March 9, 2015 |
|---|---|---|---|
| Title | Mark Allen Andrews v. NationStar Mortgage, LLC, et al. | | |

and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *accord Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).[1]

To plead a fraud-based claim, the alleged misrepresentation must be material and induce reliance. *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (Cal. 1996); *OCM Principal Opportunities Fund v. CIBC World Markets Corp.*, 157 Cal. App. 4th 835, 854 (Cal. Ct. App. 2007), *as modified* (Dec. 26, 2007). Andrews conclusorily pled materiality and reliance, but "a formulaic recitation of the elements will not do." *Iqbal*, 556 U.S. at 678. The complaint's factual allegations cannot establish either element: Andrews alleged that he agreed with Oberst to arrange a loan, and she then arranged a loan of greater value and signed the documentation without Andrews' knowledge. There is no suggestion Andrews knew who Oberst negotiated with and no suggestion he subsequently took the money based on who the alleged lender was. Given that Andrews expressed no hesitation in securing a loan through a freelancing third-party, it is implausible that he then relied on some statement (with no allegation it was communicated to him) that NationStar was the lender rather than, as he contends, the originator or servicer (but still the agent of the lender bank operating the beneficiary trust).[2]

Andrews also claims that Defendants violated California Civil Code Section 2923.55, which requires certain entities to mail a borrower specific documents before recording a notice of default.

---

[1] At the outset, the Court notes that the relevance of the complaint's references about robo-signing and securitization of the loans is unclear. To the extent Andrews argues that these actions void the securities or are otherwise unlawful, he is wrong. Robo-signing is irrelevant to his claims. *See, e.g.*, *Pedersen v. Greenpoint Mortgage Funding, Inc.*, 900 F. Supp. 2d 1071, 1083 (E.D. Cal. 2012). And he lacks standing to challenge any securitization. *Ruiz v. Wells Fargo Bank, N.A.*, No. CV 13-1114 PA (JCx), 2013 WL 1235841, at *2 (C.D. Cal. Mar. 27, 2013).

[2] Andrews further alleged roughly 90 negligent misrepresentations. These alleged misrepresentations cannot form the basis of a claim for the same reasons: there are no well-pled misrepresentations that Andrews relied on to his detriment. The simple facts are Andrews took a loan (and any fraud inherent in the loan inhered from Oberst, not the defendants), and he failed to pay back the requisite amount. He has not alleged that Defendants failed to credit the payments he made. And any other harm — such as being in debt at all (which Andrews implausibly denies, s*ee infra* at footnote 3) — derives from Oberst's alleged misconduct, not any of Defendants' alleged misrepresentations about their legal status in his mortgage agreement.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:14-cv-1511-SVW-AJW | Date | March 9, 2015 |
|---|---|---|---|
| Title | Mark Allen Andrews v. NationStar Mortgage, LLC, et al. | | |

Andrews' complaint incorporates a declaration that Defendants sent the required documentation. Andrews alleges this document is false. These allegations, without more, are insufficient. *Major v. Wells Fargo Bank, N.A.*, No. 14-CV-998-LAB-RBB, 2014 WL 4103936, at *3 (S.D. Cal. Aug. 18, 2014).

Plaintiff lacks standing to bring a claim under California's Unfair Competition Law. *See* Cal. Bus. & Prof. Code § 17200, *et seq*. "[A] private person has standing to sue under the UCL only if that person has suffered injury and lost money or property 'as a result of such unfair competition.'" *Daro v. Superior Court*, 151 Cal. App. 4th 1079, 1098 (Cal. Ct. App. 2007) (quoting Cal. Bus. & Prof. Code § 17204), *as modified on denial of reh'g* (July 3, 2007). Here, Andrews owed money under a mortgage.[3] He does not allege that the money he paid pursuant to his mortgage was not credited toward his debt. Moreover, he remains in possession of his home. Therefore, he has not suffered economic harm, and, if he had, it would be caused by his default, not any of the alleged misrepresentations. *See McFarland v. JP Morgan Chase Bank*, No. EDCV 13-01838-JGB, 2014 WL 1705968, at *11 (C.D. Cal. Apr. 28, 2014); *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 522 (Cal. Ct. App. 2013), *as modified* (June 12, 2013).[4]

Andrews also brings a claim under the Civil Racketeer and Corrupt Practices Act, 18 U.S.C. § 1961, *et seq.* A civil RICO claim has four elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Rothman v. Vedder Park Mgmt.*, 912 F.2d 315, 316 (9th Cir. 1990). Andrews' allegations of a RICO violation are nothing more than "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. The theory he advances — in essence, Defendants were an enterprise conducting a pattern of racketeering activity through mailing allegedly fraudulent foreclosure documents — has been repeatedly rejected by courts. *See, e.g.*, *Orcilla v. Bank of Am., N.A.*, No. C10-03931 HRL, 2011 WL 1558140, at *3 (N.D. Cal. Apr. 25, 2011) *aff'd*, 519 F. App'x 477 (9th Cir. 2013); *Jacobsen v. HSBC Bank USA, N.A.*, No. 3:12-CV-00486-MMD, 2012 WL 6005756, at *4 (D. Nev. Nov. 30, 2012); *Johnson v. Wachovia Bank FSB*, No. 2:10-CV-2839 GEB, 2012 WL 4092426,

---

[3]  At times, Andrews alleged he does not owe any money. But he alleged he took out a mortgage. He did not allege he fully paid it back. And the incorporated documents show he owed money under a mortgage. Therefore, the Court cannot accept Andrews allegation that he is not in debt because that allegation is facially implausible. *See Iqbal*, 556 U.S. at 678.

[4]  Andrews' attorney's fees do not qualify as economic harm under well-settled authority. *See, e.g.*, *Cordon v. Wachovia Mortgage*, 776 F. Supp. 2d 1029, 1039 (N.D. Cal. 2011).

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:14-cv-1511-SVW-AJW | Date | March 9, 2015 |
|---|---|---|---|
| Title | Mark Allen Andrews v. NationStar Mortgage, LLC, et al. | | |

at *1 n.2 (E.D. Cal. Sept. 17, 2012); *Murphy v. Bank of New York Mellon*, No. 13-CV-02820-JST, 2013 WL 5883675, at *4 (N.D. Cal. Oct. 30, 2013); *Zacharias v. JP Morgan Chase Bank, N.A.*, No. 12-06525 SC, 2013 WL 588757, at *3 (N.D. Cal. Feb. 13, 2013); *Dotson v. Metrociti Mortgage*, No. CIV. S-10-3484 KJM, 2011 WL 3875997, at *9 (E.D. Cal. Aug. 31, 2011). Like these other cases, there are no plausible allegations here that Defendants acted as an enterprise, that their conduct was criminal, or that it constituted a pattern of unlawful activity.

Andrews also appears to seek declaratory relief under Section 1060 of California's Code of Civil Procedure and Section 3412 of California's Civil Code. This request is not a cause of action; rather, it is a remedy. Consequently, it is contingent on the presence of a substantive basis of liability — it is not viable if all other causes of action are barred. *Bellinger v. Wells Fargo Bank, N.A.*, No. 1:14-CV-01076-JAM, 2014 WL 6389581, at *7 (E.D. Cal. Nov. 14, 2014). Thus, this claim fails too.

The Court therefore DISMISSES the complaint without prejudice. Andrews shall have no more than 30 days from the issuance of this order to amend his complaint.

The Court advises Andrews that his complaint must comply with Federal Rules of Civil Procedure 8 and, where applicable, 9. Furthermore, Andrews' future briefs must comply with the Local Rules and this Court's Standing Order — he may not augment his brief through 23 pages of line-item objections to Defendants' motions. Repeated violations of the Federal Rules of Civil Procedure, the Local Rules, or the Court's Standing Order may be met with sanctions. Defendants are also advised that they must submit briefs responding to the particular allegations made in the complaint: boilerplate filings that misidentify parties and describe general arguments not tailored to Andrews' specific allegations will not suffice.

|  | : |  |
|---|---|---|
| Initials of Preparer | PMC | |